## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

TREVELL ALSTON,

                  Plaintiff,

v.

STATE OF DELAWARE, DELAWARE
DEPARTMENT OF INSURANCE,
ROBERTA JONES, SESAN JEANETTE,
STUART SNYDER, and TRINIDAD
NAVARRO,

                  Defendants.

C.A. No. 23-1132-GBW

---

### MEMORANDUM ORDER

On October 10, 2023, Plaintiff Trevell Alston ("Plaintiff") filed a Complaint (D.I. 1) against the State of Delaware, the Delaware Department of Insurance ("DOI"), and Roberta Jones, Sesan Jeanette,[1] Stuart Snyder, and Trinidad Navarro, in their individual capacities ("Individual Defendants") (collectively, "Defendants"). Before the Court is Defendants' Motion to Dismiss (D.I. 8).

Plaintiff asserts a host of allegations against Defendants related to his probationary employment with DOI from September 28, 2020 to September 7, 2021. D.I. 1 ¶¶ 11, 13, 18-103. In Count I, Plaintiff asserts a claim for discrimination under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12111 *et seq.*, ("ADA"). D.I. 1 ¶¶ 76-91. In Count II, Plaintiff asserts a claim of retaliation under Title V of the ADA. *Id.* ¶¶ 92-95. In Counts III and IV, Plaintiff asserts claims under the Delaware Discrimination in Employment Act ("DDEA"). *Id.* ¶¶ 96-103.

---

[1] A presumed misspelling of Susan Jenette.

Defendants move to dismiss on the grounds that (1) the State and DOI are immune from suit under Titles I and V of the ADA, (2) Plaintiff cannot sue Individual Defendants under either Title I or V of the ADA, and (3) the Court should decline to exercise supplemental jurisdiction over the state law claims because no federal claims remain and Plaintiff sued under the wrong Delaware Act. For the reasons that follow, the Court will dismiss the case with prejudice.

## I.    LEGAL STANDARD

A state or state agency's argument that it is entitled to sovereign immunity is subject to a Rule 12(b)(1) analysis. *Brooks v. Delaware, Dep't of Health & Soc. Servs.*, 2012 WL 1134481, at *1 (D. Del. Mar. 30, 2012). Under Rule 12(b)(1), "a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim." *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012); *see* Fed. R. Civ. P. 12(b)(1). When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff bears the burden of persuasion to convince the Court that it has jurisdiction. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

To state a claim on which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Such a claim must plausibly suggest "facts sufficient to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Klotz v. Celentano Stadtmauer & Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678). But the Court will "'disregard legal conclusions and recitals of

the elements of a cause of action supported by mere conclusory statements.'" *Princeton Univ.*, 30 F.4th at 342 (quoting *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016)).  Under Rule 12(b)(6), the Court must accept as true all factual allegations in the Complaint and view those facts in the light most favorable to the plaintiff.  *See Fed. Trade Comm'n v. AbbVie Inc*, 976 F.3d 327, 351 (3d Cir. 2020).

## II.   DISCUSSION

Plaintiff's response to Defendants' motion to dismiss concedes that his claims should be dismissed but seeks leave to amend.  *See generally* D.I. 11.

First, Plaintiff concedes that Counts I and II should be dismissed as to the State and DOI, as the State and DOI are entitled to sovereign immunity.  D.I. 11 ¶ 7 ("Admitted. Plaintiff requests leave to amend the complaint to clarify that his claims are being brought pursuant to the Delaware Persons with Disabilities Employment Protections Act ("DPDEPA"), 19 Del. C. §§ 720 *et seq.*").  Indeed, the "law is settled that [a plaintiff] may not recover in federal court under Title I of the ADA for her discrimination claims against the State." *Gresham v. Delaware Dep't of Health & Soc. Servs.*, 2018 WL 716988, at *2 (D. Del. Feb. 5, 2018).  Similarly, "a defendant is immune from suit in connection with a Title V claim if it is premised on the defendant's alleged violation of Title I." *Brooks*, 2012 WL 1134481, at *4.  Plaintiff's retaliation claim is based on his discrimination claim.  D.I. 1 ¶¶ 90-94.  Thus, Plaintiff may not recover under the ADA against the State.  Claims against DOI are "equivalent" to claims against the State and, thus, are similarly barred. *White v. Bramble*, 2006 WL 182055, at *2 (D. Del. Jan. 24, 2006).

Second, Plaintiff concedes that Counts I and II should be dismissed as to the Individual Defendants, since Plaintiff sued Defendants in their individual capacities for monetary damages.  D.I. 11 ¶¶ 9, 14 ("Admitted. Plaintiff requests leave to amend the company [sic] to clarify

3

individual defendants are only being sued for injunctive and declaratory relief."). Indeed, there is no individual liability for monetary damages under Title I or V of the ADA. *Wardlaw v. City of Philadelphia St.'s Dep't*, 378 F. App'x 222, 225 (3d Cir. 2010) (Title I); *Mason v Delaware (J.P. Ct.)*, 2018 WL 4404067, at *4 (D. Del. Sept. 17, 2018) (Title V).[2]

Third, Plaintiff concedes that Counts III and IV should be dismissed because they are brought under the DDEA, which does not concern allegations of disability discrimination in Delaware. D.I. 11 ¶ 21. Plaintiff seeks to amend the complaint to clarify that the claims are made pursuant to the DPDEPA, which covers disability discrimination in Delaware. *Id.*

Thus, Plaintiff has conceded that all Counts of the Complaint, in their current form, should be dismissed. Plaintiff seeks leave to amend the Complaint to (1) "clarify" that he seeks only injunctive and declaratory relief against the Individual Defendants, and (2) assert claims under the DPDEPA instead of the DDEA.

"Leave to amend must generally be granted unless equitable considerations render it otherwise unjust." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). "The Third Circuit has adopted a liberal approach to the amendment of pleadings." *Id.* "In the absence of undue delay, bad faith, or dilatory motives on the part of the moving party, the amendment should be freely granted, unless it is futile or unfairly prejudicial to the non-moving party." *Id.* (citations omitted). An amendment is futile if it "would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). "The standard for assessing futility is the 'same standard for legal sufficiency as applies under [Federal] Rule [of Civil Procedure] Rule 12(b)(6).'" *Great W.*

---

[2] To the extent that the existence of individual damages under Title V is an open question in the Third Circuit, Defendant has waived any argument. D.I. 11 ¶ 14 ("Admitted.").

*Mining & Min. Co. v. Fox Rothschild, LLP*, 615 F.3d 159, 175 (3d Cir. 2010) (quoting *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000)).

With respect to Plaintiff's request to amend to assert claims of injunctive and declaratory relief,[3] the Court finds that amendment would be futile. Defendants explain that Title I applies to covered entities, and that a covered entity is defined as an "employer, employment agency, labor organization, or joint labor-management committee," not individual employees. D.I. 8 ¶ 9; *see* D.I. 11 ¶ 9 ("Admitted."). Defendants contend that Title V defined "person" according to Title VII, which does not permit individual liability for either damages or injunctive relief. D.I. 8 ¶ 13; *see* D.I. 11 ¶ 13 ("Admitted."). Defendant cited cases in this District holding that plaintiffs may not sue individuals for injunctive or declaratory relief under Titles I and V of the ADA. D.I. 8 at 5-6; *see Delaware v. Does of DDOC & DDOJ*, 2022 WL 1718982, at *4 (D. Del. May 27, 2022) (dismissing a claim for injunctive relief under Title I); *Blades v. Mosaic of Delaware*, 2017 WL 3868238, at *3, 5 (D. Del. Aug. 31, 2017) (dismissing claims for injunctive relief under Titles I and V). Not only does Plaintiff not provide any caselaw[4] or argument to the contrary, Plaintiff affirmatively concedes the underlying statutory interpretation arguments. D.I. 11 ¶¶ 9-15. Thus, amendment would be futile as to Plaintiff's federal ADA claims.

Plaintiff argues that the Court should exercise supplemental jurisdiction over a state law claim under the DPDEPA. D.I. 11 ¶ 17. A district court may decline to exercise supplemental jurisdiction where "the district court has dismissed all claims over which it has original

---

[3] Plaintiff does not describe what this injunctive or declaratory relief would be.
[4] Plaintiff does cite to *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 106 (1984), to support that "Individual Defendants can only be held liable in their individual capacities under the ADA for injunctive and declaratory relief." D.I. 11 ¶ 8. *Pennhurst* does not cover the ADA, but merely creates an exception to *Ex Parte Young* and prevents a claim for injunctive relief in Federal court based on state law under the Eleventh Amendment.

jurisdiction." 28 U.S.C. § 1367.  Dismissal is required unless "'considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification'" for exercising supplemental jurisdiction. *Stone v. Martin*, 720 F. App'x 132, 136 (3d Cir. 2017) (quoting *Hedges v. Mosco*, 204 F.3d 109, 123 (3d Cir. 2000)).  This case is in its early stages. There has been no discovery, the Court has limited familiarity with the facts, and the only remaining claim is a state law claim that Plaintiff has yet to make.  There is no affirmative justification to exercise supplemental jurisdiction over the amended state law claim.  Therefore, the Court declines to do so.

Plaintiff requests "a stay of the statute of limitations to allow the Plaintiff to transfer claims to State Court." D.I.11 ¶ 23.  Plaintiff has conceded that all of his claims need to be dismissed in their present form, divesting the Court of jurisdiction.  Plaintiff cites no authority that the Court may toll the statute of limitations for the filing of a state claim, unfiled in the district court, in state court. *See generally* D.I. 11.  Plaintiff's request for a stay of the statute of limitations is denied.

## III.   CONCLUSION

For the above reasons, the Court grants Defendants' Motion to Dismiss.

Therefore, at Wilmington this 20th day of June 2024, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (D.I. 8) is **GRANTED.**

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE